UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IN RE: ALEX PEREZ,

Plaintiff.

9:26-CV-0992
(ECC/DJS)

---

APPEARANCES:

ALEX PEREZ
Plaintiff, pro se
19-A-1656
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

ELIZABETH C. COOMBE
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff Alex Perez asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983").[1]

On May 4, 2026, the case was administratively closed because plaintiff failed to properly commence it. Dkt. No. 5, Administrative Closure Order. Plaintiff was given thirty (30) days to either (1) pay the full statutory filing fee or (2) submit a completed application to proceed in forma pauperis ("IFP") including either six months of trust fund account statements or certification from an appropriate official. *Id.* at 1-3.[2]

---

[1] The action was initially commenced in the District Court in the Southern District of New York. *See In re: Alex Perez*, No. 1:26-CV-1233, Dkt. No. 1, Complaint. However, the action was then transferred to this District. Dkt. No. 3, Transfer Order; Dkt. No. 4.

[2] The total cost for filing a civil action in this Court is $405.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $55.00). Although a party (including an inmate-plaintiff) granted in forma pauperis status is not required to pay the $55.00 administrative fee; a prisoner granted in forma

A third party timely remitted the filing fee on plaintiff's behalf, and the case was restored to the Court's active docket. Dkt. Entry dated 05/27/26 (memorializing receipt information for the filing fee transaction); Dkt. No. 6, Text Order (reopening case).

## II. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated

---

pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(1).

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

**B. Summary of the Complaint**

The complaint asserts allegations of wrongdoing that occurred while plaintiff was incarcerated at Wallkill Correctional Facility, in Ulster County, and Otisville Correctional Facility, in Orange County, as a convicted prisoner. *See generally* Compl. The following facts are set forth as alleged by plaintiff in his complaint.

Plaintiff alleges that his defense counsel, Dreyer Boyajian LLP ("the firm"), "had [him] stabbed at Wallkill [Correctional Facility] days after [he] called for the status of [his] second

appeal[.]" Compl. at 1.[3] Specifically, plaintiff contends that on or around August 7, 2025, he was carrying a document while he was on his way to the law library, when he was stabbed and the document was taken. *Id.*

Sometime thereafter plaintiff was transferred from Wallkill to Otisville Correctional Facility. During a fire drill at Otisville, various documents "were planted in [plaintiff's] locker[.]" Compl. at 1; *see also id.* at 11 (handwritten notation indicating this was one of the planted documents). Then, "[o]n October 6, 2025, a lady [whose name begins with "G" but whose spelling is undecipherable by the Court] came to cover up [the stabbing that] took place [on] August 7th[.]" *Id.* "The firm[, ]with the help of others, sabotaged eviction, real estate appraisals, attacked [plaintiff's] daughter," and "went into a home with people living in i[t] and removed gas lines [and] water lines." *Id.* Plaintiff intimates that the firm is powerful and well connected since they "represented the NYS Governor 4 months before [his] stabbing even after she was put on notice of crimes [the firm] are involved in." *Id.* at 2.

Finally, plaintiff asserts several claims related to his criminal trial. First, plaintiff claims "people were planted in the jury pool." Compl. at 1. Further, plaintiff claims "the court reporter was directed not to put one of [plaintiff's] defense attorneys on the record," that his investigator falsified or failed to provide relevant evidence, and "they made false statement of facts implicat[ing plaintiff] in a motive before the jury was seated." *Id.* at 1-2. Plaintiff contends that actions are being taken to corrupt judicial officers from the Bronx Family Court, specifically Justice John Ejon, to deny plaintiff bail during his appeal. *Id.* at 2. In sum plaintiff argues that his trial "process and conviction w[ere] obtained by fraud, false witness[es], false evidence, . . . tailored testimony and a[n] appeal was taken on a falsified court record which is

---

[3] Plaintiff also asserts that he had a business relationship with "Boyajian [who] was a[n] investor in [plaintiff's] real estate portfolio and had no intention of representing [him]." Compl. at 2.

destruction of evidence for appealable issues." *Id.* Plaintiff also asserts that "a[n] appeal was already taken on this record [with] documents presented to [the] jury," so that he "could go to the FBI and they could cover this up[.]" *Id.*

Liberally construed, plaintiff argues he is entitled to relief because of a violation of his Eighth Amendment rights and an unfair criminal trial process. *See generally* Compl.

### C. Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

#### 1. Personal Involvement and Rule 10

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008

WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

Here, plaintiff has failed to name any defendants in the instant action. This causes two distinct problems. First, the Court is unable to determine which officials were personally involved in the alleged violations plaintiff suffered. For this reason alone, insofar as plaintiff may have intended to assert Section 1983 claims against one or more officials employed at Wallkill or Otisville Correctional Facility, such claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Second, Rule 10(a) of the Federal Rules of Civil Procedure requires that “[t]he title of the complaint must name all the parties.” Fed. R. Civ. P. 10(a). “A party not named in the caption of the complaint is not a party to the action.” *Battle v. Nurse Bioreference*, No. 9:25-CV-1534 (BKS/PJE), 2026 WL 177788, at *5 (N.D.N.Y. Jan. 22, 2026) (citation omitted). Therefore, to the extent plaintiff seeks to assert a claim against any individual or entity not identified in the action’s caption, any such claim is also subject to dismissal for failure to comply with Rule 10(a).

**2. State Actors**

Section 1983 requires "that the alleged deprivation [be] committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant acts under color of state law when he exercises 'some right or privilege created by the State . . . or by a person for whom the State is responsible,' and is 'a person who may fairly be said to be a state actor.'" *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 162 (D. Conn. 2005) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

To the extent that the Court can infer that plaintiff intended to name either the law firm representing him during his state court criminal trial or any of the individual attorneys employed therein, such allegations are insufficient to satisfy the state actor requirement.

> "Absent special circumstances suggesting concerted action between an attorney and a state representative," "a private attorney's legal representation of a private person, however, does not constitute state action for the purpose of stating a claim under [§] 1983 against that attorney, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender."

*Lewis v. Walsh*, No. 8:24-CV-0098 (GTS/CFH), 2024 WL 2835269, at *5 (N.D.N.Y. June 4, 2024), *report-recommendation adopted by*, 2024 WL 4689021 (N.D.N.Y. Nov. 6, 2024) (quoting *Masri v. Liebowitz*, No. 1:24-CV-1284, 2024 WL 1639904, at *9 (S.D.N.Y. Apr. 15, 2024)) (citing cases); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Pizarro v. United States*, No. 22-CV-2125, 2022 WL 1751167, at *6 (S.D.N.Y. May 31, 2022) ("[T]he representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender." (citing *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004))).

Here, plaintiff has failed to allege any such action or connection. Instead, plaintiff provides nothing more than a conclusory assertion that somehow someone at the firm arranged for plaintiff to be stabbed, as well as for an unidentified document to be stolen, while

he was walking in Walkill after calling for a status report on his state criminal case. Compl. at 1. Further, with even less detail, plaintiff contends that after being transferred to Otisville, documents were planted in his locker by an unknown source to cover up the aforementioned stabbing. *Id.* Finally, plaintiff purports that the stabbing was also somehow tied to the firm's alleged actions sabotaging plaintiff's other unrelated property matters, which similarly occurred by unnamed parties, at unidentified times, for unknown reasons. *Id.*

While plaintiff alludes to a short period of representation between the Governor and the law firm, neither that assertion nor any of the aforementioned arguments demonstrate "facts showing that [the firm or any of its attorneys] acted using the coercive power of the state or [wa]s controlled by the state, willfully participated in joint activity with the state or [wa]s entwined with state policies or that the state has delegated a public function to [the firm or any of its attorneys.]" *Lewis v. Essex Cnty*., No. 8:24-CV-0100 (MAD/CFH), 2024 WL 4712530, at *15 (N.D.N.Y. June 18, 2024), *report-recommendation adopted by*, 2024 WL 4441730 (N.D.N.Y. Oct. 8, 2024) (internal quotation marks and citations omitted). Thus, the Court has no basis to plausibly infer from the allegations in the complaint that, even if plaintiff had named individuals from the law firm as defendants in the instant action, any of them ever engaged in any conduct on behalf of the government, and/or beyond their traditional advocacy functions.

Accordingly, any intended Section 1983 claims against the law firm or its attorneys are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. Challenges to Criminal Process and Conviction

To the extent that plaintiff is challenging his state court criminal process, the Court infers that his allegations of wrongdoing unquestionably seek to challenge the fact or duration of his current confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

"*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment,'" and thus, any shortening of a term of confinement will be subject to the rule in *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005) (quoting *Heck*, 512 U.S. at 483, 486) (other citation omitted); *see also Jude v. New York State*, No. 07-CV-5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases). Indeed, an inmate's Section 1983 action is barred by *Heck* "(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

Thus, even if the law firm or any of its individual employees could somehow be considered state actors, plaintiff's claims against them as they are related to his underlying state court criminal trial would nonetheless be barred by *Heck* and its progeny. Accordingly, any intended Section 1983 claims related to plaintiff's underlying state court criminal trial are alternatively dismissed on this basis.

### D. Nature of the Dismissal

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted). However, as previously mentioned, "a court has the inherent power to dismiss without leave to amend or replead 'where . . . the substance of the claim pleaded is frivolous on its face,' *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011)[.]" *Williams v. Mills*, No. 21-CV-4207, 2021 WL 2003193, at *4 (S.D.N.Y. May 19, 2021); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Although the complaint has failed to establish personally involved defendants who are also state actors, and the Court will not necessarily indicate that plaintiff might be able to state a valid claim, the Court will nonetheless give him an opportunity to present a proposed amended complaint against proper defendants.

Any amended complaint submitted by plaintiff in response to this Decision and Order must **be limited to actions that occurred in Wallkill Correctional Facility, in the Northern District of New York, and set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading are state actors who engaged in acts of misconduct or wrongdoing which violated his constitutional rights**. Plaintiff's amended complaint, which shall supersede and replace in

its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

**To the extent that plaintiff wishes to pursue his claims of alleged wrongdoing at Otisville Correctional Facility, any such claims must be brought in a separate action filed in the Southern District of New York.**

Plaintiff is advised that the Court is not required to accept the veracity of allegations that are factually frivolous. *See Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998) (noting that a claim is frivolous as a matter of law when, inter alia, "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy") (internal quotation marks and citation omitted); *Neitzke*, 490 U.S. at 327 (a complaint is frivolous if it "lacks an arguable basis either in law or in fact"); *Swint v. Wireless*, No. 23-CV-4067, 2023 WL 4847318, at *1-2 (S.D.N.Y. July 27, 2023) ("A finding of factual frivolousness is warranted when the facts alleged are 'clearly baseless,' 'fanciful,' 'fantastic,' 'delusional' or 'wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *see also Ninortey v. Shova*, No. 05-CV-542, 2008 WL 4067107, at *8 (S.D.N.Y. Sept. 2, 2008) (the plaintiff's claims were irrational, incredible, and delusional and thus, subject to dismissal).

Plaintiff is further advised that his failure to file an amended complaint within thirty (30) days of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint, **limited solely to the alleged wrongdoing at Walkill Correctional Facility*,*** as directed above within thirty (30) days from the filing date of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in**

**plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: September 14, 2026

Elizabeth C. Coombe
U.S. District Judge